IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **Amanda Nelson,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | **Jury Demanded** |
| **Jubilee Mart, LLC; Kassam Ali;** ) | |
| **and Amaan Shroff,** ) | |
| ) | |
| **Defendants.** ) | |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Amanda Nelson (hereinafter, "Ms. Nelson" or "Plaintiff"), by and through counsel, and for her Complaint against Defendant Jubilee Mart, LLC, Kassam Ali, and Amaan Shroff (collectively, "Defendants") states and alleges as follows:

## NATURE OF THE COMPLAINT

1. Ms. Nelson bring this action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Ms. Nelson bring this action against Jubilee Mart, Kassam Ali, and Amaan Shroff for retaliation under the Fair Labor Standards Act, 29 U.S.C § 201 *et seq*.

3. Defendants' practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Ms. Nelson seeks declaratory relief; backpay, liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred

in this action.

## PARTIES

5. Ms. Nelson is an adult resident of Burlison, Tipton County, Tennessee.

6. Plaintiff was an employee of Defendant Jubilee Mart for FLSA purposes.

7. Upon information and belief, Defendant Jubilee Mart, LLC is a Tennessee-based corporation, and may be reached for service through its registered agent, Kassam Ali, 10816 Holly Grove Road, Brighton, TN 38011-6060.

8. At all relevant times complained of herein, Defendants were employers under 29 U.S.C. § 203.

9. Defendant Kassam Ali is an adult resident of Tennessee.

10. Defendant Amaan Shroff is an adult resident of Tennessee.

11. Both Kassam Ali and Amaan Shroff are high-level managers with significant control of operations at Defendant Jubilee Mart.

## JURISDICTION AND VENUE

12. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

13. Defendant Jubilee Mart is a legal entity and has sufficient minimum contacts with the State of Tennessee such that it is subject to service of process in Tennessee and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Jubilee Mart.

14. Defendants Kassam Ali and Amaan Shroff are both residents of Tennessee. Accordingly, the Court has personal jurisdiction over both individual Defendants.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Ms. Nelson's claims occurred in this District.

Doc ID: 8168e3c86867b61b2caf41ab2d8af7eb91c20dc7

## FACTUAL BACKGROUND

16. Ms. Nelson was hired by Jubilee Mart on or about March 18, 2018.

17. Ms. Nelson's employment with Jubilee Mart ended on or about March 21, 2021, when she was terminated.

18. For the majority of Ms. Nelson's employment with Jubilee Mart she held the position of cashier, and as such she should have been and was classified by Jubilee Mart as a non-exempt employee under the FLSA.

19. During her last year of employment with Jubilee Mart, Ms. Nelson held the position of store manager, but she was paid $8.50 per hour and therefore made far less than the $684 FLSA exemption threshold. Therefore, she should have been and was classified by Jubilee Mart as a non-exempt employee under the FLSA.

20. Ms. Nelson was paid below the $684 FLSA exemption threshold, making her not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA, regardless of her title.

21. Ms. Nelson routinely worked in excess of 40 hours per week.

22. Defendant Jubilee Mart, by and through Kassam Ali and Amaan Shroff and other managers, had the power to hire and fire Ms. Nelson.

23. Defendant Jubilee Mart, by and through Kassam Ali and Amaan Shroff and other managers, controlled the number of hours Ms. Nelson as well as the rate and method of her payment.

24. Defendants' practice was to pay Ms. Nelson straight time, in cash, without any withholding, for all overtime hours worked.

25. Defendants knew or should have known Ms. Nelson worked overtime hours for which she was not paid overtime premiums.

Doc ID: 8168e3c86867b61b2caf41ab2d8af7eb91c20dc7

26. Despite this knowledge, Defendants willfully failed to pay Ms. Nelson premiums for every hour worked in a workweek.

27. On or about March 19, 2021, Ms. Nelson went to Jubilee Mart to pick up her check.

28. Upon reviewing her check, Ms. Nelson noticed that her check did not include any overtime payment.

29. Ms. Nelson took a photo of the check and remarked to her coworker that a failure to pay overtime was against the law and suggested that she was going to inform the Tennessee Department of Labor & Workforce Development about this violation.

30. On or about two days later, Ms. Nelson received a text message informing her that she had been terminated and that she could pick up her separation notice at Jubilee Mart.

31. When she arrived at Jubilee Mart, she was also given her final paycheck.

32. This check included the unpaid overtime that Ms. Nelson had originally noticed was missing several days prior.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Ms. Nelson realleges and incorporates all allegations above as if actually set forth herein.

34. At all relevant times, Jubilee Mart was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203

35. At all relevant times, Defendants Kassam Ali and Amman Shroff were high-level managers with significant control over the operations of Defendant Jubilee Mart.

36. At all relevant times, Kassam Ali and Amaan Shroff exercised the authority to: (a) hire and fire employees of Jubilee Mart; (b) determine the work schedules of the employees of Jubilee Mart; and (c) control the finances and operations of Jubilee Mart.

Doc ID: 8168e3c86867b61b2caf41ab2d8af7eb91c20dc7

37. Given the level of control exerted over the operations of Jubilee Mart, Kassam Ali and Amaan Shroff were employers within the meaning of the FLSA, 29 U.S.C. § 203.

38. At all relevant times, Defendants employed Ms. Nelson.

39. At all relevant times, Jubilee Mart had gross annual operating revenues in excess of $500,000.00.

40. The FLSA requires each covered employer to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.  29 U.S.C. §§ 206, 207.

41. The FLSA also prohibits employers from retaliating against employees who exercise or attempt to exercise their rights under the statute.  29 U.S.C. § 215(a)(3).

42. Upon discovering that Ms. Nelson was attempting to exercise her rights under the FLSA, Defendants promptly terminated Ms. Nelson in retaliation.

43. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 216.

44. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Nelson prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for backpay, liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

Doc ID: 8168e3c86867b61b2caf41ab2d8af7eb91c20dc7

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

Respectfully submitted,

 s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Mempher, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: 8168e3c86867b61b2caf41ab2d8af7eb91c20dc7

## **DECLARATION AND VERIFICATION**

I, **Amanda Nelson**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Amanda Nelson**

Date: _05 / 13 / 2021_____

Doc ID: 8168e3c86867b61b2caf41ab2d8af7eb91c20dc7



Audit Trail

| | |
|---|---|
| **TITLE** | Nelson - Complaint for Wrongful Termination to... |
| **FILE NAME** | Nelson WRT Compla...to be signed).pdf |
| **DOCUMENT ID** | 8168e3c86867b61b2caf41ab2d8af7eb91c20dc7 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

Document History

**SENT**
**05 / 13 / 2021**
15:14:42 UTC-6

Sent for signature to Amanda Nelson (asemernezski1101@gmail.com) from jlc@cronelawfirmplc.com
IP: 96.84.128.62

**VIEWED**
**05 / 13 / 2021**
21:56:59 UTC-6

Viewed by Amanda Nelson (asemernezski1101@gmail.com)
IP: 75.65.229.240

**SIGNED**
**05 / 13 / 2021**
22:04:32 UTC-6

Signed by Amanda Nelson (asemernezski1101@gmail.com)
IP: 75.65.229.240

**COMPLETED**
**05 / 13 / 2021**
22:04:32 UTC-6

The document has been completed.

Powered by HELLOSIGN